IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. WARREN,                          *
            Plaintiff,
   v.                                     *       CIVIL ACTION NO. AW-10-2971

STATE OF MARYLAND, et al.,                *
            Defendants.
                      ***

## MEMORANDUM OPINION

Pending are Defendants State of Maryland, Warden Gregg T. Hershberger, and Case Manager Grimmitt's Motion to Dismiss or for Summary Judgment and Plaintiff's response.[1] ECF Nos. 16 & 18. Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated, the Motion shall be granted in part and denied in part.

## Background

The uncontroverted record reveals that while Plaintiff was incarcerated at RCI three pieces of incoming legal mail--two letters from an attorney declining to assist Plaintiff in ascertaining his parole status and one letter from the Inmate Grievance Office ("IGO") dismissing on jurisdiction grounds Plaintiff's claim regarding his parole status--were not delivered to Plaintiff for approximately ninety days. ECF Nos. 1 & 16. Defendants maintain that the delay occurred because Plaintiff's OBSCIS report indicated he was housed at DOC Headquarters; thus, all his mail was forwarded to DOC Headquarters and then sent back to RCI. ECF No. 16. Plaintiff states that when the mail was eventually delivered to him it was properly opened in his presence; however, it was clear that the mail had previously been opened and taped shut. ECF No. 1. Defendants aver that the

---

[1] Defendant Camelia Roseman has not been served with the Complaint. Counsel for the Maryland Parole Commission shall be directed to advise the Court whether he will accept service on behalf of Ms. Roseman.

Also pending is Plaintiff's Motion to Amend (ECF No. 19) which shall be granted.

mail was properly opened in Plaintiff's presence at RCI, but provide no information as to whether it was opened elsewhere.  ECF No. 16.

The second element of Plaintiff's claim concerns his parole.  Plaintiff states that he was granted parole from his Maryland sentence in October, 2009 but not released to one of his detainers until October, 2010.  Plaintiff indicates that he wrote or spoke to each of the named Defendants in an effort to determine why he was not released to his detainers, to no avail.  Plaintiff states that he remained incarcerated at RCI after his parole, yet received no credit for that time.  ECF No. 1, Attachment.  He also indicates that during his sentencing before this Court, Defendant Roseman erroneously advised the U.S. Marshal that he had not made parole.  *Id*.  Defendants do not dispute that Plaintiff was held in DOC custody for approximately one year after he was granted parole.  They have provided no information as to why this occurred or whether he received credit toward any then un-served sentence.  ECF No. 16.

## Standard of Review

Under Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.   In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to

2

determine whether there is a genuine issue for trial."   A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted).   Indeed, the court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987)).

**Discussion**

A.    Exhaustion

The Court must first examine Defendants' assertion that Plaintiff's case should be dismissed as to Division of Correction employees Corporal Tyler and Lieutenant Barnes due to Plaintiff's failure to exhaust available administrative remedies.   The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Thus, the exhaustion provision plainly extends to Plaintiff's allegations.  His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied

4

relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners.  If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction.  If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO").  *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

Plaintiff filed five ARPs while housed at RCI.  ECF No. 16, Ex. 6.  Four dealt with medical concerns and one with failure to receive a property package.  *Id.*   Plaintiff filed one grievance with the IGO.  His complaint concerned the failure to release him despite the granting of parole.  It was dismissed as beyond the jurisdiction of the IGO.  *Id.*, Ex. 7.  Plaintiff clearly has failed to exhaust available administrative remedies and as such his complaint is subject to dismissal as to his mail tampering/access to courts claims.

B.      Sovereign Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents.  *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, see Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity

under the Eleventh Amendment to suit in federal court.  Thus, Plaintiff's complaint against the State of Maryland is barred by the Eleventh Amendment.

C.      Parole

Defendants argue that as prisoners do not have a liberty interest in parole nor any entitlement to the "minimal procedural safeguards" which may accompany the decision to deny or grant parole, *Sandin v. Conner*, 515 U.S. 472 (1995); *Paoli v. Lally*, 812 F.2d 1489 (4th Cir. 1987); *Bryant v. Maryland*, 848 F.2d 494 (4th Cir. 1988), Plaintiff's parole claim must be dismissed.  ECF No. 16. Plaintiff is not, however, complaining that he was denied parole, nor does he attack the procedures surrounding the review of his parole status.  To the contrary, Plaintiff's complaint is that he was detained for over a year **after** he had been granted parole.

In the prison context there are two different types of constitutionally protected liberty interests which may be created by government action.  The first, implicated here is created when there is a state created entitlement to an early release from incarceration.  *Board of Pardons v. Allen,* 482 U.S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits).  The second type of liberty interest is created by the imposition of an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U. S. 472, 484 (1995).  The Court cannot say, on the undeveloped record before it, whether Plaintiff's liberty interests were violated as it is unclear whether he received credit against any other sentence for the time he was held in the Maryland DOC after his grant of parole.  Accordingly, the motion to dismiss, or for summary judgment shall be denied as to this claim.

**Conclusion**

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted in part and denied in part.   A separate Order follows.


Date:  February 6, 2012                              _____/s/_____
                                                     Alexander Williams, Jr.
                                                     United States District Judge