IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. WARREN,  *<br>       Plaintiff, | |
| v.  * | CIVIL ACTION NO. AW-10-cv-2971 |
| STATE OF MARYLAND, et al.,  *<br>       Defendants. | |

***

## MEMORANDUM OPINION

Pending are Defendants Warden Gregg T. Hershberger and Case Manager Grimmett's (the "Correctional Defendants") Supplemental Motion to Dismiss or for Summary Judgment, Defendant Camellia Roseman's Motion for Summary Judgment, and Plaintiff's responses. ECF Nos. 31, 37, 42, 48 & 53. Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated, the dispositive Motions shall be granted.

### Background

Plaintiff states that he was granted parole from his Maryland sentence in October, 2009 but not released to one of his detainers until October, 2010. Plaintiff indicates that he wrote or spoke to each of the named Defendants in an effort to determine why he was not released to his detainers, to no avail. Plaintiff states that remained incarcerated at RCI after his parole, yet received no credit for that time. ECF No. 1, Attachment. He also indicates that during his sentencing before this Court, Defendant Roseman erroneously advised the U.S. Marshal that he had not made parole thus preventing him from receiving credit toward his federal sentence.[1] *Id*.

---

[1] Plaintiff's original complaint also contained a claim of mail tampering/denial of access to courts. That portion of Plaintiff's complaint was previously dismissed and Defendants were directed to further address Plaintiff's claim regarding his parole status and detention. ECF No. 25 & 26.

The material facts are not in dispute.  The Maryland Parole Commission has the exclusive power to grant parole release and the ability to authorize an inmate's release to a detainer.  ECF No. 31, Ex. 2, Attachment 3.  RCI Case management staff have no ability to make arrangement for supervision with other jurisdictions when an inmate is released to a detainer.  Grimmett avers she had no control over when or how Plaintiff was to be paroled.  Defendants further indicate that Plaintiff had a parole hearing at RCI on August 12, 2009.  *Id*., Ex. 3 & ECF No. 42, Ex. 1.   At that time Plaintiff was approved for parole to a detainer by the hearing officer.  A "Parole Recommendation/Decision" was issue on August 14, 2009, approving Plaintiff for parole to a detainer when he reached parole eligibility in October, 2009.  ECF No. 42, Ex. 1.  The parole information was entered into the OBSCIS database on August 18, 2009.  ECF No. 31, Ex. 3.  A parole commissioner certified the decision regarding Plaintiff's release on October 1, 2009, and Plaintiff was served with the recommendation on that same date. *Id*., Ex. 3 & ECF No. 42, Ex. 1.

Defendant Roseman indicates that a "Parole Recommendation/Decision" recommending and approving a prisoner for parole is not the legal or functional equivalent of an "Order for Release on Parole."  ECF No. 42, Ex. 1.  The Parole Recommendation/Decision does not list conditions of parole nor does it direct the Commissioner of Corrections to release the inmate from the Division of Corrections on parole. *Id*.   An Order for Release on parole, signed by the Chairman of the Parole Commission and by the inmate is the operative document entitling the inmate to release from the Division of Corrections. *Id*., Ex., 1, Attachment B.  The inmate's signature on the Order for Release on Parole demonstrates acceptance of all of the conditions attached to the parole.  An offender is not entitled to release until he signs and accepts the conditions of parole set forth in the Order on Release for Parole. *Id*.  Plaintiff was served with an Order for Release on Parole on November 8, 2010 and released to the detainer on the same date. *Id*., Attachments C & D.

Defendant Hershberger avers that the prison administration has no role in paroling or releasing an inmate. ECF No. 31, Ex. 1. Hershberger avers that the Parole Commission is an independent agency that processes all of its own releases. In situations such as Plaintiff's, where an inmate is being released to a detainer, the Parole Commission and the commitment office agree on a date for the receiving jurisdiction to pick up the inmate. Hershberger avers that he did not discuss Plaintiff's parole issue with Defendant Roseman and had no additional knowledge regarding Plaintiff's parole status. *Id.*

Defendant Nicole Grimmett, Plaintiff's case manager, avers that she met with Plaintiff on October 4, 2010, to discuss his release plans, not, as Plaintiff alleges, because she was "ordered to do a parole release on [Plaintiff] and classify him to be released on parole." *Id.*, Ex. 2. Grimmett avers that such action is outside her authority. Grimmett avers that during their meeting on October 4, 2010, in accordance with RCI case management protocol, she developed a release case plan for future goal-setting in order to aid Plaintiff in the transition to his release from prison. She further avers that Plaintiff was not asked to sign any documents relating to parole during that meeting, states she does not process any documents relating to inmate release on parole, and that parole releases are outside the scope of case management authority. *Id.*

Grimmett does, indicate however, that case management staff endeavored to assist Plaintiff in resolving his parole issue. Record evidence demonstrates that on August 4, 2009, through institutional mail, Plaintiff was encouraged to contact the parole associate concerning his questions as to his parole release. He was advised that the Parole Commission is a separate entity. *Id.,* Ex. 2 & Attachment 1. Grimmett avers that she assisted Plaintiff in his efforts to remedy his parole release issues. Grimmett's supervisor, Robert Feliciano sent an e-mail to Defendant Camellia Roseman, the

Institutional Parole Associate, notifying her of Plaintiff's complaint regarding his release. *Id.*, Ex. 2, Attachment 2.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Discussion**

As previously noted by the Court, prisoners do not have a liberty interest in parole, nor any entitlement to the "minimal procedural safeguards" which may accompany the decision to deny or grant parole, *Sandin v. Conner*, 515 U.S. 472 (1995); *Paoli v. Lally*, 812 F.2d 1489 (4th Cir. 1987); *Bryant v. Maryland*, 848 F.2d 494 (4th Cir. 1988). A liberty interest is created, however, when there is a state-created entitlement to early release from incarceration. *See Board of Pardons v. Allen,* 482 U.S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits).

Under Maryland law, there is no right to be considered for parole. By statute, the Maryland Parole Commission is required to ask the Division of Correction "to make an investigation for inmates confined in a State correctional facility that will enable the Commission to determine the advisability of granting parole to an inmate who: (i) has been sentenced under the law by the State to serve a term of 6 months or more in a correctional facility; and (ii) has served in confinement one-fourth of the inmate's aggregate sentence." *See* Md. Code Ann. Corr. Serv. 7-301(a). Further, the regulations governing the Parole Commission do not require the Commission to hold a parole hearing, and permit the Commission to decline to hold a hearing if the hearing would serve no useful purpose. Code of Maryland Regulation 12.08.01.17.A(1)(c). As such, Maryland's parole statutes and regulations do not create a legitimate expectation of parole release. *See Bryan v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988); *McLaughlin-Cox v. Maryland Parole Com'n*, 24 A. 3d 235, 240 (Md. App. 2011) (Maryland statutes governing parole consideration do not create a liberty interest protected by the Fifth and Fourteen Amendments). In Maryland, a liberty interest in parole is only created **after** the inmate is served with and signs the Order for Release on Parole. *See Patuxent Inst. Bd. of Review v. Hancock*, 620 A.2d. 917, 931-932 (Md. 1993) ("A recommendation of parole did not automatically

become an order of parole.  Therefore, that action did not give the respondent a liberty interest."); *Lomax v. Warden, Maryland Correctional Training Center*, 120 Md. App. 314 (199).   The Parole Commission's initial parole Recommendation/Decision to approve an inmate for parole (as opposed to an Order for Release on parole) does not give rise to a protected liberty interest.   In the absence of a liberty interest the principles of due process do not apply. *See Henderson v. Simms*, 223 F. 3d 267, 274-75 (4th Cir. 2000).

      Accordingly, Plaintiff has failed to demonstrate a due process violation and Defendant's motions for summary judgment will be granted.[2]   A separate Order follows.


Date: October 4, 2012                                             /s/
                                                                  Alexander Williams, Jr.
                                                                  United States District Judge

---

[2] Plaintiff's claim that Roseman erroneously advised the U.S. Marshal that he had not made parole provides him no relief.  At the time Roseman allegedly made the statement, Plaintiff had not in fact been paroled.  Rather, the Commission had merely entered a Recommendation/Determination for parole.